UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE D. NAPPI,

                Plaintiff,

        -against-

NEW YORK STATE OFFICE OF MENTAL
HEALTH; ANN M. SULLIVAN;
COMMISSIONER OF COMMUNITY
ACCESS, INC.; EIGHT COOPER EQUITIES,
LLC,

                Defendants.

20-CV-5863 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants are violating her constitutional rights. By order dated December 3, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michelle D. Nappi brings this action seeking to appeal decisions of the New York State Supreme Court and the New York State Court of Appeals. Plaintiff's complaint is not the model of clarity, but she makes clear that she is attempting to appeal several state-court decisions.

A review of the records of the New York State Unified Court system helps to clarify the state-court procedural history. In 2018, Eight Cooper Equities, LLC, initiated housing court proceedings against Plaintiff. *See Eight Cooper Equities, LLC v. Nappi*, Index No. L&T 59408/18. According to Plaintiff, "the LT action was tried on October 29, 2018 and granted on

November 14, 2018. The Appellate Division upheld the judgment on February 19, 2019. [Plaintiff] appealed to the Court of Appeals on March 11, 2019. Defendant ECE enforced the eviction on March 12, 2019. The Court of Appeals finally declined Appellant's last motion for appeal on reconsideration on June 25, 2020." (ECF No. 2 at ¶ 133.)

In an attempt to prevent Eight Cooper Equities, LLC, from evicting her, in 2018, Plaintiff filed an action in New York State Supreme Court, New York County. Plaintiff's action was dismissed and her request to appeal was denied. *See Nappi v. Community Access, Inc.*, Index No. 150610/18 (Sup. Ct. New York Cnty. July 25, 2018), *appeal denied*, Mo. No. 2019-956 (App Div. 2d Dep't Feb. 18, 2020).

Plaintiff seeks an order "requiring that Defendants promptly take such steps as are necessary to enable her to receive services in the most integrated setting appropriate to her needs; and [a]n order directing Defendants to remedy unlawful policies and practices." (ECF No. 2 at 63.)

## DISCUSSION

**A.  Mandamus Relief**

Because Plaintiff seeks to have this Court compel a New York State agency to take particular actions, Plaintiff's complaint is construed as a request for mandamus relief. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "It is well-settled that 'federal courts have no general power to compel action by state officials.'" *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, No. 05-CV-7314 (LBS), 2008 WL 4387808, at *8 (S.D.N.Y. Sept. 24, 2008) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (rejecting application for writ of mandamus compelling state court judge to permit defense counsel's use of race-based peremptory challenges)); *see*

*Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty.").

Because Plaintiff seeks a writ of mandamus against state officials, and this Court does not have jurisdiction to grant such relief, Plaintiff's request for mandamus relief is denied.

**B.**     ***Rooker-Feldman* Doctrine**

Plaintiff brings this complaint seeking to challenge the outcomes of the state-court proceedings. Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Because Plaintiff (1) lost in state court; (2) "complains of injuries caused by [a] state-court judgment;" (3) asks this Court to review and reject the state court's judgment; and (4) alleges that the state court judgment was rendered before she filed her case in this Court, her claims are barred under the *Rooker-Feldman* doctrine. If Plaintiff is aggrieved at the process and outcomes of the state-court proceedings, she can avail herself of the New York State appellate

4

process by appealing the New York Court of Appeals decisions to the United States Supreme Court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the *Rooker-Feldman* doctrine. Because Plaintiff seeks mandamus relief against state officials, and this Court does not have jurisdiction to grant such relief, mandamus relief is denied.

Plaintiff's motion for joinder (ECF No. 3) is denied as moot.

SO ORDERED.

Dated:   December 9, 2020
         New York, New York

                                         _____Louis L. Stanton_____
                                              Louis L. Stanton
                                                 U.S.D.J.